IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 20-10024-01-JWB

JORGE CORREA,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to revoke or amend the magistrate judge's detention order. (Doc. 25.) The motion is fully briefed. (Docs. 37, 38.) The court held an evidentiary hearing on the motion on March 4, 2020. For the reasons stated herein, the motion (Doc. 25) is DENIED.

**I. Background**

Defendant and two other individuals were charged by way of complaint on February 7, 2020, with a violation of 18 U.S.C. §§ 1951 and 2. (Doc. 1.) Following a hearing on February 14, Magistrate Judge Kenneth Gale ordered that Defendant be detained pending trial. (Doc. 22.) Defendant filed a motion for review of the detention order. (Doc. 25.) On February 26, an indictment was filed charging Defendant and two others with three counts: (1) robbery in violation of 18 U.S.C. §§ 1951 and 2; (2) carrying, using, brandishing, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2; and (3) conspiracy to commit the offense charged in Count 2, in violation of 18 U.S.C. § 924(o). (Doc. 36.)

**II. Standards**

If a person is ordered detained by a magistrate judge, the person may file a motion for amendment or revocation of the order. 18 U.S.C. § 3145(b). The district court's review of a magistrate judge's order of detention or release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id.*

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

     (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
     (2) the weight of the evidence against the person;
     (3) the history and characteristics of the person, including-
          (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
          (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
     (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act also provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense under 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3)(B). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp.2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this case charges Defendant with a § 924(c) offense and thus raises the rebuttable presumptions of risk of flight and danger to the community.

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Even if Defendant overcomes the presumption, the presumption remains a factor in the court's detention decision. *Id*. The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002) (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id*. at 1252.

**III. Analysis**

A. <u>Nature and circumstances of the offense</u>

The charged offenses are quite serious in nature. They include a crime of violence and the use and discharge of a firearm in the course of a robbery of a convenience store. The evidence presented by the government suggests that during the offense, a person later identified as Defendant pointed a loaded AR-style semi-automatic rifle at a customer and at a clerk in the course of the robbery. The individual also discharged the rifle approximately 20-30 times inside the store,

including at shelves containing candy and at an ATM machine. The charged offenses thus involve extraordinarily dangerous conduct. Some evidence at the hearing indicated Defendant may have been under the influence of drugs (Xanax) at the time of the offenses. The nature and circumstances of the offenses weigh strongly in favor of detention.

    B. Weight of the evidence

The evidence presented at the hearing included video surveillance of the alleged robbery. Police were able to obtain the license plate number of the suspects' vehicle from the video and arrested Defendant in that vehicle following a high-speed chase shortly after the robbery. The government presented evidence that items from the robbery were found in the vehicle, along with circumstantial evidence indicating Defendant was the person who had carried and discharged the rifle during the robbery. The weight of the evidence weighs heavily in favor of detention because, among other things, it shows in vivid pictures the threatening, dangerous, and callous manner in which the shooter carried out this robbery, including the needless discharge of over twenty high-powered rifle rounds inside the convenience store, and it points strongly to this defendant as the perpetrator.

    C. History and characteristics of Defendant

Defendant is a high school student in Wichita. He is a life-long resident of Wichita and was residing with his family prior to his arrest. He has strong family ties. Evidence suggested he may have used Xanax prior to the alleged offense, and that such usage may have been a factor in the extraordinarily dangerous conduct surrounding the offenses. He has significant ties to the community and some community support as well, as shown by letters presented to the court. He has no record of non-appearance and no prior criminal convictions, although evidence indicated Defendant was arrested for unlawful possession of a firearm only a few months before his arrest

on the instant offenses. According to defense counsel, Defendant is about to make his first appearance in state court on that misdemeanor weapon possession charge. Evidence presented at the hearing indicated that Defendant may have threatened one of the other individuals (and his family) allegedly involved in the offense. On the whole, Defendant's history and characteristics indicate he would not pose a flight risk if released, but they indicate that his release would pose a danger to others. In particular, Defendant argued that he had no documented history of substance abuse; thus, to the extent conditions of release could minimize the risk of additional drug use, the safety of other persons and the community might be adequately protected. However the court notes that, even assuming the truth of Defendant's suggestion that this was an isolated incident in which his use of illegal drugs caused him to engage in aberrant conduct, it raises another concern: that Defendant's conduct could swing so wildly from a law-abiding citizen when he is sober to an out-of-control gun-shooting robber if he got high.[1]

   D. Danger to the community

Some evidence of Defendant's gang participation was presented. Evidence was also presented that Defendant may have threatened a co-defendant. Defendant is charged in Sedgwick County with a misdemeanor offense of unlawful possession of a firearm. The alleged use of a firearm as charged in the indictment in the instant case indicates conduct involving an extraordinary risk to others, possibly influenced by the use of unlawful drugs.

Taking all of the relevant factors into consideration, the court finds by clear and convincing evidence that Defendant's release would pose a danger to other persons and to the community. The evidence relating to Defendant's alleged unlawful possession of a firearm shortly before this

---

[1] Nothing stated herein should be read as a finding that Defendant's misconduct is in fact limited to periods of isolated drug use. The court's analysis here simply presumes the truth of that assertion and notes that it provides little comfort in light of the ease with which drugs may be acquired and the seriousness of the offense Defendant allegedly committed in this case.

case, his alleged discharge of a firearm during the alleged robbery, and the indication that he may have been under the influence of drugs at the time of the offense, all indicate his release would pose an extraordinary risk of dangers to others.

## IV. Conclusion

Defendant's motion (Doc. 25) to revoke or amend the magistrate judgment's order of detention is DENIED. The court finds that no condition or combination of conditions will reasonably assure the safety of the community. Defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. Upon order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 5th day of March, 2020.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE